UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*In re* BAYCOL PRODUCTS LITIGATION                     MDL NO. 1431 (MJD/SRN)

**REPORT AND RECOMMENDATION**

This Document Relates to:

*Lal Nayyar, et al. v. Bayer Corp., et al.*            Case No. 04-3236
    *(Plaintiffs Lal Nayyar and*
    *Shanno Nayyar only)*

_____

Terrence Smith, Esq. on behalf of Plaintiffs Lal Nayyar and Shanno Nayyar

Susan A. Weber and James W. Mizgala, Esqs. on behalf of Defendant Bayer Corporation

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiffs Lal Nayyar and Shanno Nayyar (Doc. No. 3). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I.    INTRODUCTION**

    Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(B)(2)(C) and 37(d) for Plaintiff Lal Nayyar's failure to appear for his duly noticed depositions on May 1, 2007, in New York, New York. Section I.A.2 of PTO 149 provides, in relevant part:

      d.      Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

      e.      If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On April 4, 2007, fully consistent with PTO 149, Bayer served a Notice of Deposition of Plaintiff Lal Nayyar upon Plaintiff's counsel of record to be taken on May 1, 2007, at the offices of Heidell Pittoni Murphy & Bach, LLP, in New York, New York. The day before the deposition, Plaintiffs' counsel orally informed Bayer that he could not locate either Lal or Shanno Nayyar. Bayer's counsel responded that the deposition would go forward unless he received twenty-four hours written notice of cancellation, as required by PTO 149. Neither Plaintiff Lal Nayyar nor his counsel appeared, and Bayer incurred $130.72 in court reporter's fees to document the non-appearances.

## II.  DISCUSSION

Bayer argues that Plaintiffs willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer is prejudiced by Plaintiff Lal Nayyar's failure to appear for the deposition. In order to adequately defend against Plaintiffs' claims, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff Lal Nayyar's use of Baycol; the nature, extent, and potential causes of his alleged injuries; and the extent of his alleged damages. As Plaintiff Shanno Nayyar's loss of consortium claim is wholly dependent on the success of Plaintiff Lal Nayyar's claims, Bayer submits that her derivative claim should likewise be dismissed as a sanction.

In response to Bayer's motion, Plaintiffs' counsel advises the Court that his clients have authorized him to dismiss the case and that he has asked Bayer to stipulate to dismissal. He asks that the Court not require him to pay the court reporter's fees because Bayer could have canceled the deposition.

To this, Bayer replies that Plaintiffs' counsel did not advise Bayer of Plaintiffs' intention to dismiss their case until June 14, 2007, long after the deposition date. In addition, Bayer points out that Plaintiffs' counsel failed to abide by PTO 149, which requires at least twenty-four hours written notice in order to cancel a deposition without penalty.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule    . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous

sanction available. Id. (citations omitted). The Court notes that the sanction of dismissal has been found appropriate in similar Baycol matters. See, e.g., Haines v. Bayer Corp., Civ. No. 03-4601 (MJD/SRN), slip. op. at 1 (D. Minn. May 23, 2007) (adopting Report and Recommendation of May 4, 2007).

In the present case, dismissal is appropriate because Plaintiffs want to dismiss their case. In the alternative, dismissal is also proper as a discovery sanction. PTO 149 specifically and clearly calls for the dismissal of an action if a plaintiff fails to appear for his or her deposition. Further, the Court finds that Bayer has shown the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff Lal Nayyar's usage of Baycol, injuries, and damages, by way of deposition. Plaintiff Lal Nayyar's willful failure to appear for his deposition makes it virtually impossible for Bayer to prepare an adequate defense to Plaintiffs' claims. Hence, a sanction of dismissal is appropriate.

This Court must consider, of course, whether a lesser sanction against Plaintiffs would cure the prejudice to Bayer. However, because Plaintiff Lal Nayyar declined to be deposed, and indeed, wants to dismiss this action, the Court finds in its discretion that any lesser sanction would be futile. It is therefore recommended that Bayer's motion for dismissal be granted.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide at least twenty-four hours written notice to Bayer's counsel that a plaintiff may not appear for a deposition will be liable for the fees of the court reporter. Here, Plaintiffs' counsel failed to give twenty-four hours written notice that he was canceling the deposition, for which

there was no good cause. Whether Bayer could have canceled the deposition is irrelevant; Plaintiffs' counsel was obligated by PTO 149 to give twenty-four hours written notice or incur a financial penalty. Plaintiff's counsel therefore should be required to pay the court reporter's fees of $130.72.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiffs Lal Nayyar and Shanno Nayyar (Doc. No. 3) be **GRANTED**;

2. Plaintiffs Lal and Shanno Nayyar's claims be **DISMISSED WITH PREJUDICE**; and

3. Plaintiffs' counsel be required to pay the sum of $130.72 to Bayer Corporation within 10 days of the District Court's Order should the District Court adopt this Report and Recommendation.

Dated: August 3, 2007

s/ Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 20, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.